IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CAROLYN MONK**,<br><br>         Plaintiff,<br><br>    v.<br><br>**CAROLYN W. COLVIN**,<br>Commissioner of Social Security,<br><br>         Defendant. | Case No. 3:14-cv-00948<br><br>**OPINION AND ORDER** |

Merrill Schneider, Schneider, Kerr & Gibney Law Offices, P.O. Box 14490, Portland, OR 97293. Of Attorneys for Plaintiff.

S. Amanda Marshall, United States Attorney, and Ronald K. Silver, Assistant United States Attorney, United States Attorney's Office, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204-2902; Thomas M. Elsberry, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Carolyn Monk ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Supplemental Security Income ("SSI"). For the following reasons, the Commissioner's decision is affirmed.

PAGE 1 – OPINION AND ORDER

**STANDARD OF REVIEW**

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

**BACKGROUND**

**A. Plaintiff's Application**

Plaintiff filed an application for SSI on September 29, 2010, alleging disability beginning on September 18, 2010. AR 150-60. She alleges disability due to stroke and hypertension. AR 155. The Commissioner denied her application initially and upon reconsideration; thereafter, she requested a hearing before an Administrative Law Judge ("ALJ"). AR 48-55, 57-66, 78-80. An

PAGE 2 – OPINION AND ORDER

administrative hearing was held on October 25, 2012. On January 14, 2013, the ALJ found Plaintiff not disabled. AR 19-27. After considering additional evidence submitted to it, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 1-6. Plaintiff now seeks judicial review of that decision.

**B.   The Sequential Analysis**

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R.

PAGE 3 – OPINION AND ORDER

3. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this

PAGE 4 – OPINION AND ORDER

burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## C.  The ALJ's Decision

The ALJ performed the sequential analysis. AR 21-27. At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since the alleged onset date of September 18, 2010. AR 21. At step two, the ALJ found Plaintiff's status post cerebrovascular accident and carpal tunnel syndrome were severe impairments. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled one of the specific impairments listed in the regulations. AR 21-22.

The ALJ determined that from September 18, 2010 through January 14, 2013, Plaintiff had the RFC to perform light work with the following restrictions: she can lift and carry 20 pounds occasionally and 10 pounds frequently; stand and walk for six hours in an eight hour day; sit for six hours in an eight hour day; and frequently grip, grasp, and manipulate with the left upper extremity. AR 22. In reaching his conclusion, the ALJ considered Plaintiff's testimony, but found her not fully credible. *Id.* The ALJ gave only some weight to the November 17, 2012 opinion of consulting examiner John Ellison, M.D., because it was "based solely on the claimant's subjective complaints" and was not supported by the medical evidence. AR 25. The ALJ gave little weight to the November 30, 2010 lay witness opinion as not consistent with the medical evidence. *Id.* The ALJ gave only some weight to an April 2011 lay witness opinion because it appeared to be based on Plaintiff's subjective complaints. AR 25-26, 201-08.

PAGE 5 – OPINION AND ORDER

# DISCUSSION

Plaintiff seeks review of the ALJ's determination that she was not disabled from September 18, 2010 through January 14, 2013. Plaintiff argues that the ALJ erred by improperly rejecting functional limitations found by examining physician Ellison.

An ALJ may properly reject a treating physician's uncontradicted medical opinion only for "clear and convincing reasons." *Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995). When the treating physician's opinion has been contradicted, however, it may be rejected for "specific and legitimate reasons that are supported by substantial evidence in the record." *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). This can be done by setting out a detailed and thorough summary of the facts, providing an appropriate interpretation thereof, and making findings. *See Megallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

Dr. Ellison reviewed medical records and examined Plaintiff on November 17, 2012. AR 576-78. He reviewed a December 15, 2011, hospital discharge summary in which the primary discharge diagnoses were right small hemispheric vessel infarct, history of intracranial hemorrhage, and hypertension. AR 576. The discharge summary noted Plaintiff was previously hospitalized from September 21-24, 2010, for a small right pontine intracranial hemorrhage thought due to cocaine use and uncontrolled hypertension. After discharge she had mild left-sided deficits unconfirmed by CT scan.

Dr. Ellison noted Plaintiff complained of memory deficits not evident at examination. AR 577-78. He stated she "[w]alks a little slowly but without aid or noticeable limp, Romberg steady, able to walk tandem and on heels and toes." *Id.* Dr. Ellison found Plaintiff's motor strength/muscle bulk and tone was normal in her legs, that she was able to squat and rise fairly easily, with no sign of atrophy. AR 577-78. Dr. Ellison wrote that Plaintiff was

PAGE 6 – OPINION AND ORDER

able to reach, grip, release, and manipulate large and small objects, although less well with the left hand. He stated that rapid rhythmic alternating movements of the left hand were mildly impaired, left foot pats were mildly impaired, heel-to-knee was impaired on left. Dr. Ellison found Plaintiff's left grip reduced compared to right, but still 5/5.

Dr. Ellison completed a Medical Source Statement of Ability to Do Work-Related Activities in which he opined Plaintiff should never lift or carry over 20 pounds, could occasionally lift or carry 11-20 pounds, and could frequently lift or carry up to ten pounds. AR 579. Dr. Ellison found Plaintiff could sit for two hours at a time, stand for 30 minutes at a time, and walk for 15 minutes at a time. AR 580. He found she could sit for eight hours in a work day, stand for two hours in a work day, and walk for one hour in a work day. *Id.* Dr. Ellison found Plaintiff could frequently use her right hand for reaching, handling, fingering, feeling, pushing and pulling, but could only occasionally use the left hand. AR 581. She could occasionally use foot controls. Dr. Ellison stated Plaintiff could occasionally climb ramps or stairs, but should never kneel, crouch, crawl, or climb ladders or scaffolds. AR 582. She must avoid exposure to workplace hazards, such as unprotected heights and moving machinery, never operate a motor vehicle, and avoid extreme cold or heat. AR 583. She can occasionally be exposed to humidity and wetness, dust, odors, fumes and pulmonary irritants, and vibrations. *Id.*

Dr. Ellison's opinion, however, is contradicted by the opinions of the State agency nonexamining consultative physicians Mary Ann Westfall, M.D. and Linda Jensen, M.D. AR 48-55, 57-64. Drs. Westfall and Jensen reviewed the medical record and opined, in January and April 2011, that Plaintiff had no significant functional limitations. Moreover, the ALJ considered the opinion of treating physician Lee Walters, M.D., who examined Plaintiff in December 2010, and observed that Plaintiff was able to walk with a normal gait and manage activities of daily

PAGE 7 – OPINION AND ORDER

living without assistance, and found she was stable without significant neurological deficits on exam. AR 23, 317-19. Therefore, Dr. Ellison's opinion is contradicted by the opinions of Drs. Westfall, Jensen, and Walters and it may be rejected for "specific and legitimate reasons that are supported by substantial evidence in the record." *Carmickle*, 533 F.3d 1155, 1164 (9th Cir. 2008).

The ALJ gave Dr. Ellison's opinion only "some weight," finding that the medical evidence as a whole, and Dr. Ellison's objective findings, supported a conclusion that Plaintiff was able to perform light exertion work with additional limitations of infrequent gripping, grasping, and manipulating with the left upper extremity. AR 25. The ALJ emphasized that "[t]he remainder of Dr. Ellison's opined limitations appear to be based solely on the claimant's subjective complaints, and are not supported by the medical evidence of record." *Id.* The record supports this conclusion. For example, Dr. Ellison stated that Plaintiff could stand no more than thirty minutes at a time for a total of two hours in an eight-hour day. AR 580. The ALJ noted, however, that Dr. Ellison's physical examination revealed no objective support for these restrictions. Similarly, the ALJ reviewed Dr. Ellison's opinion related to severe limitations in walking and standing and found that there was no objective evidence in the record to support the assertion of severe walking and standing restrictions.

The ALJ thus reasonably concluded that Dr. Ellison based his opinion on Plaintiff's subjective complaints rather the medical record. Moreover, the ALJ found Plaintiff not fully credible as to her symptoms, AR 22, and Plaintiff does not challenge that assessment. Because the ALJ may reject portions of a physician's opinion that are predicated on reports of a claimant properly found not credible, the ALJ did not err by giving Dr. Ellison's opinion only some weight. *Ryan v. Astrue*, 528 F.3d 1194, 1199–1200 (9th Cir. 2008); *Batson*, 359 F.3d at 1193.

Accordingly, the ALJ gave specific and legitimate reasons supported by substantial evidence in the record to reject portions of Dr. Ellison's opinion.

## CONCLUSION

The Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED**.

DATED this 4th day of May, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 9 – OPINION AND ORDER